*959 OPINION OF THE COURT
Arnold P. Etelson, J.
The issue, is a tenant entitled to a stay pending his appeal from a holdover judgment and warrant upon filing an appropriate bond, appears to be one of first impression.
Respondents have appealed this court’s summary proceeding judgment of possession and warrant, the court having decided in a prior decision that the failure to serve respondents with process in the foreclosure judgment, under which foreclosure sale petitioner became the owner of the property, was a defense that respondents failed to interpose in this proceeding until after a stipulation was entered into by them extending their possession of the premises, and therefore waived such defense.
They have appealed to the Appellate Term of the Supreme Court and seek to stay execution of the warrant until that appeal is decided. Respondents move pursuant to CPLR 5519 (a) (6) which petitioner resists as inappropriate as there is no money judgment to collect. Petitioner’s grounds were RPAPL 713 (5) wherein no landlord-tenant relationship exists and no rent accrued. Its position is that payment of use and occupation is not a substitute for a vacant house to be sold.
CPLR 5519 (a) (6), available without court order, requires an undertaking in a sum fixed by the court insuring that the appellant will not commit or suffer to commit waste and upon the affirmance of the judgment or order appealed from or a dismissal of the appeal, that appellant shall, from the date of the appeal to the date of delivery of possession, pay the value of the use and occupation of the property.
Though CPLR 5519 (a) (6) by its language appears to govern the case at bar, an eviction judgment directing that real property of which a party is in possession be delivered (presumably to another party, the petitioner), the applicability in a holdover proceeding is unclear. Subdivision (a) entitled “Stay without court order” is not discretionary as is subdivision (c), but in actuality a court order is required to fix the undertaking. Respondents contend that the undertaking should be set at $1,300 per month commencing with the notice of appeal. $1,300 was the rent established in the alleged leases with their former landlords, the owners of the equity of redemption. Petitioner claims that if the court grants the stay, a bond should be fixed covering use and occupation retroactive to the time respondents resided in the premises from the time of the delivery of the deed.
*960 CPLR 2201 grants the court power to stay a proceeding upon such terms as may be just, except where otherwise prescribed by law. It is appropriate whether under CPLR 5519 (a) (6) or (c) to fix an undertaking under just terms. (Siegel, NY Prac § 535 [3d ed].)
The judgment of possession by stipulation provided for a warrant stayed through January 10, 2000. A subsequent stipulation provided for eviction on or after April 3, 2000 with February and March use and occupation of $1,500 per month. The court finds it appropriate to fix a cash or surety undertaking at $1,500 per month commencing April 1, 2000 until June 30, 2000, plus one month security, the total sum of $6,000 to be filed with the court by June 26, 2000. Use and occupancy shall be paid in the monthly sum of $1,500 commencing July 1, 2000.
Respondents shall perfect their appeal by July 20, 2000. The warrant of eviction is stayed upon the filing of the undertaking.